O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2936 AHM (AGRx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | MARVA NUNES v. MASTER FINANCIAL, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On March 19, 2010, Plaintiff Marva Nunes filed the Complaint in this case in Los Angeles Superior Court against Defendants Master Financial, Inc.; East End Properties Inc; Deustche Bank National Trust Company; Saxon Mortgage Services, Inc.; Mortgage Electronic Registration Systems Inc; and Regional Service Corporation. Plaintiff's claims arise out of a home loan that Plaintiff obtained on or about July 13, 2006.

On April 20, 2010, Defendants filed a Notice of Removal, alleging federal question jurisdiction under 28 U.S.C. § 1331.

The Complaint alleges a total of five claims for (1) "contractual fraud;" (2) quiet title; (3) declaratory relief; (4) "equitable relief;" and (5) injunctive relief. The only federal claims referred to in the Complaint are found in a single paragraph under the fourth claim for equitable relief. This claim alleges violations of both federal and state statutes, including the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, and the Federal Fair Debt Collection Practices Act ("FDCPA"). (Compl. p. 5.) Additionally, the claim makes reference to "[Cal.] C. C. § 2934" and "12 U.S.C. § 3754(d)(1)." (*Id.*)

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2936 AHM (AGRx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | MARVA NUNES v. MASTER FINANCIAL, *et al.* | | |

the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004).

      In this case, the Complaint does not present a federal question. In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996). *See also Ricano v. Aurora Loan Servicing*, No. CV 09-1989-SJO, 2009 WL 1096042 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state-law claim for predatory lending could be supported by "alternative and independent" state law theories); *California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law). Because Nunes's claim for "equitable relief" can be supported by alternate and independent state law theories, it does not necessarily depend on resolution of an actual and disputed federal issue. Moreover, the federal issue raised in Nunes's fourth claim does not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

///

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2936 AHM (AGRx) | Date | May 18, 2010 |
|---|---|---|---|
| Title | MARVA NUNES v. MASTER FINANCIAL, *et al.* | | |

      Accordingly, this Court lacks jurisdiction over Plaintiff's claims and *sua sponte* REMANDS them to Los Angeles County Superior Court.

                                                                       :

Initials of Preparer          SMO

**JS-6**